IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN BRATTIN,                                  Case No. 3:13-cv-02194-AA

        Plaintiff,                            OPINION AND ORDER

   v.

CAROLYN W. COLVIN
Commissioner of Social
Security,

        Defendant.
_____

Bruce W. Brewer
P.O. Box 421
West Linn, Oregon 97068
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Jordan Goddard
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Brian Brattin brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Act. For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

On April 28, 2005, plaintiff applied for DIB. Tr. 53-57. His application was denied initially and upon reconsideration. Tr. 23-27, 31-33. On June 2, 2009, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE").[1] Tr. 529-53. On June 30, 2009, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 339-51. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 327-29.

## STATEMENT OF FACTS

Born on April 13, 1957, plaintiff was 47 years old on the

---

[1] An administrative hearing previously took place on October 3, 2006, and the ALJ issued an opinion denying benefits on November 14, 2006. Tr. 10-20, 498-528. Following an appeal, this Court remanded the case to the agency on November 12, 2008, due to a stipulation of error by both parties. Tr. 372-75.

Page 2 - OPINION AND ORDER

alleged onset date of disability and 52 years old at the time of the 2009 hearing. Tr. 349, 359. He completed high school, served in the U.S. Military for ten years, and previously worked as a truck driver. Tr. 96, 98. Plaintiff initially alleged ongoing disability as of October 10, 2004, due to back pain. Tr. 342. On June 2, 2009, he amended his application, requesting a closed period of disability from October 10, 2004, through October 31, 2008. Tr. 339, 532.

## STANDARD OF REVIEW

This Court must affirm if the Commissioner's decision is based on proper legal standards and findings supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986) (citation omitted). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Massahi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation and internal quotations omitted).

The initial burden of proof rests upon the claimant to

establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is engaged in "substantially gainful activity;" if so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful employment." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.166.

### THE ALJ'S FINDINGS

At step one of the five-step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity from October 10, 2004, "through evidently October 2008." Tr. 342. At step two, the ALJ found that plaintiff had the following severe impairments: vertebrogenic disorder, with a mild disc bulge at L3-4; herniated disc at L4-5; and obesity. Id. At step three, the ALJ determined that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 343.

Because plaintiff did not establish presumptive disability at step three, the ALJ continued the sequential evaluation process to determine how plaintiff's impairments affected his ability to work. The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b),

compromised by the limitation of occasional stooping, crouching, kneeling, reaching overhead, and climbing ladders, ropes, or scaffolds." Tr. 344.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work. Tr. 349. At step five, the ALJ resolved that a significant number of jobs exist in the national and local economy that plaintiff could perform despite his impairments, such as parking lot cashier and paper sorter recycler. Tr. 350. Based on these findings, the ALJ concluded that plaintiff was not disabled under the Act for the closed period at issue. Tr. 351.

## DISCUSSION

Plaintiff asserts that the ALJ erred by: (1) failing to provide a clear and convincing reason, supported by substantial evidence, for discounting his credibility; (2) failing to provide a legally sufficient reason, supported by substantial evidence, to reject the opinion of Paul Puziss, M.D.; (3) improperly evaluating the role of obesity in his RFC; and (4) neglecting to discuss the opinion of J. Scott Pritchard, D.O. As a result of these errors, plaintiff contends that a remand for the payment of benefits is warranted. The Commissioner concedes that the ALJ committed reversible error by not addressing the opinions of Drs. Pritchard and Puziss, but requests a remand for further proceedings. Accordingly, the sole issue before the Court is whether to remand

this case for further proceedings or for the payment of benefits.[2]

The decision "whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985) (citation omitted). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the commissioner's decision. Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (citation omitted). The court, however, may not award benefits "unless the claimant is, in fact, disabled." Id. (citation omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (discussing the discretionary credit-as-true doctrine). Conversely, a remand for further proceedings is proper when outstanding issues remain unresolved. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Further administrative proceedings are appropriate in the present case because the Court is unable to make a disability determination on the existing record. As discussed herein, the ALJ properly discredited plaintiff's testimony and Dr. Puziss's opinion

---

[2] Plaintiff does not request that the Court credit the opinion of Dr. Pritchard as true, as it is subsumed by the more restrictive opinion of Dr. Puziss. Pl.'s Opening Br. 8; Pl.'s Reply Br. 2-3. In any event, the Court declines to address Dr. Pritchard's opinion or plaintiff's obesity as they are, alone, insufficient to establish disability, especially absent the testimony of a VE.

Page 7 - OPINION AND ORDER

as ambiguous, even if credited as true, in light of the other evidence of record.

## I. Plaintiff's Credibility

Plaintiff argues that the ALJ erred by discrediting his subjective symptom testimony. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) (citation omitted). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

At the 2006 hearing, plaintiff testified that he first had back pain in 1999. Tr. 508. Nonetheless, he continued to work until

he was laid off in March 2004, after which he was unable to find other employment. Id.; see also Tr. 91. Plaintiff further testified that he exacerbated his back condition in either April or October 2004.[3] Tr. 508-09, 512. Since that time, plaintiff stated he is only able to stand for 15 minutes before needing to lie down due to pain, such that he spends most of his time reclining. Tr. 507, 510.

At the 2009 hearing, plaintiff testified that he had not received any treatment for his back condition, aside from some pain medication, since exacerbating his injury in 2004. Tr. 537. He explained that he had not had corrective surgery because he was unemployed, uninsured, and heard that it "doesn't do any good." Tr. 536. He testified that he began a training program for janitorial work in approximately December 2007. Tr. 538. The training ultimately resulted in a job, where he worked from about February 2008 to June 2008. Tr. 539. His supervisor told him he would be working part-time, about four-hours a day, however, he ended up working eight to nine hours a day, six days a week, which he testified was too physically demanding. Tr. 539-41. At the time of the 2009 hearing, plaintiff was working 28 hours a week as a janitor. Tr. 544-45. He had just earned a raise and was considered a "lead person." Tr. 545.

---

[3] Plaintiff first testified that he aggravated his back in October 2004 while putting on pants. Tr. 508-09. Nonetheless, when directly questioned by the ALJ regarding this issue, plaintiff responded that the exacerbating incident occurred in April 2004. Tr. 512.

Page 9 - OPINION AND ORDER

After summarizing plaintiff's testimony, the ALJ determined that his medically determinable impairments could be expected to produce some degree of symptoms, but his statements regarding the extent of these symptoms were not fully credible because he: (1) made inconsistent statements with regard to his functional limitations; (2) was engaging in substantial gainful activity at the time of the 2009 hearing with no, or very slight, change in his condition; (3) had a disincentive to work or seek medical improvement while pursuing worker's compensation benefits; and (4) declined a reasonable, well-tested medical procedure that has a statistically high rate of success. Tr. 344-49.

Notably, the ALJ found that the contrast between plaintiff's symptoms in 2006 and his ability to work in 2008, without treatment or objective medical evidence demonstrating improvement, undermined his statements regarding his functional abilities during the period in question. The ALJ may rely on "[w]ork [performed] after the period for which an applicant is seeking disability . . . [if] the work in question is wholly inconsistent with the claimed disability." Kreisher v. Colvin, 2013 WL 4780548, at *6 (E.D. Cal. Sept. 5, 2013) (citing Moore v. Comm'r, of Soc. Sec. Admin., 278 F.3d 920, 925 (9th Cir. 2002)). Here, plaintiff's work as a lead janitor is wholly inconsistent with his stated limitations. The difference between his alleged symptoms during the closed period at issue - i.e. pain so strong he had to lie down every 15 minutes -

and the nature of his current work - i.e. medium exertion level - is significant. Further, as the ALJ noted, plaintiff failed to provide an explanation for this discrepancy. Indeed, there is no demonstrative objective improvement of his underlying condition and plaintiff's only statement regarding the issue is vague, especially considering the lack of treatment. See Tr. 537, 545-46.

In addition, the ALJ rejected plaintiff's symptom testimony due to his inconsistent statements. In reaching a credibility determination, "an ALJ may weigh inconsistencies between the claimant's testimony." Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009). Here, substantial evidence supports the ALJ's conclusion. In a pain questionnaire from February 18, 2005, plaintiff reported the ability to walk one mile and stand for one hour. Tr. 170. On May 16, 2005, plaintiff exhibited no difficulty sitting, standing, or walking while filing a disability report. Tr. 70. In a pain questionnaire from May 28, 2005, plaintiff reported that he could not finish washing dishes or cleaning the house, and could only walk one block without rest. Tr. 80-81. In a function report completed the same day, he reported the ability to stand for 30 minutes, and walk for 45 minutes at a time. Tr. 110. This evidence contradicts plaintiff's hearing testimony regarding his functional abilities - i.e. that he was disabled because he could move about for only 15 minutes at a time, regardless of the activity. Tr. 507.

Thus, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. As a result, this Court need not discuss all of the reasons provided by the ALJ because at least one legally sufficient reason exists. <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's credibility finding is affirmed.

## II.  Remand

Although defendant concedes error regarding Drs. Puziss and Pritchard, the Court finds that further administrative proceedings are appropriate in light of several outstanding issues. For example, the nature of plaintiff's functional limitations from October 2004, to October 2008 require clarification. Dr. Puziss's 2006 assessment indicated that plaintiff was permanently disabled and unable to perform sedentary work. Tr. 288. Yet plaintiff returned to substantial gainful activity at a medium exertion level approximately two years later; without any evidence in the record indicating his improvement in functioning was attributable to treatment or an objective change in condition. Tr. 532. As such, any disability finding must first account for this ambiguity in the record, especially in light of plaintiff's lack of credibility and the other evidence that he may have retained the ability to work at a lower exertion level prior to October 2008.

In sum, taking the entire record into account, further

proceedings are necessary. Even if credited as true, Dr. Puziss's report is insufficient to establish disability for the entire closed period, such that factual issues remain concerning when plaintiff became capable of working and in what capacity. On remand, the ALJ must reassess plaintiff's alleged impairments and reevaluate the medical evidence. If necessary, the ALJ must then reformulate plaintiff's RFC and perform the subsequent steps of the sequential evaluation process. Finally, the ALJ must retain a medical expert to resolve the timing and exertion issues related to plaintiff's claim.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED

Dated this _3rd_ day of March 2015.

                         _____
                         Ann Aiken
                         United States District Judge